Turley, J.
delivered the opinion of the court.
This is an action of debt brought by the Commissioners of the Caperton’s Cove School Tract of Land, in Franklin county, against Ryan Caperton, Benj. F. Gibson and John Fitzpatrick, upon a promissory note, purporting to have been executed' by them to the plaintiffs for the sum of $671 29.
To this action Benjamin F. Gibson and John Fitzpatrick pleaded non est factum, and upon the trial, the jury found that it was not the note of Benjamin F. Gibson, but that it was the *228 note of John Fitzpatrick, and there wasjudgment accordingly, from which Fitzpatrick appealed to this court.
Upon the trial, it appeared that the signature of John Fitzpatrick was not in his hand writing, and there was no proof that he had ever authorized Ryan Caperton to sign his name to the note for him.
But the plaintiffs produced and read in evidence a deed of trust, executed by Ryan Caperton to James Caperton, purporting to convey certain slaves to-indemnify Gibson and Fitzpatrick for their liability as his securities to a note to the School Commissioners for about $700. It appeared that Fitzpatrick paid the fee for registrating this deed, which showed his knowledge of its execution, and the purpose for which it was executed, but there was nothing in the proof bringing home the knowledge to Gibson.
To the reading of this deed, the defendant objected, but his objection was over-ruled by the coart, and there are now several causes of error assigned against this course of proceeding.
1st. It is contended, that the court erred in holding, that though the note were a forgery, in its conception as to Gibson and Fitzpatrick, yet if they subsequently took a deed of trust upon property to indemnify themselves, it would amount to a ratification of its execution on their part.
We can see no error in this: it being a promissory note, no re-execution or redelivery was necessary, and the taking security for their indemnification, is an acknowledgment of their liability as securities.
2nd. It is contended that the court erred in holding, that parol proof was admissible to show, that the note sued on, was the one intended to be provided for by the deed of trust.
We see no error in this: the note was in possession of the School Commissioners, and perfect accuracy of description was not to be expected in the deed of trust, and proof was properly heard to show that the note described in the deed of trust though not with perfect accuracy, was the one executed to the Commissioners.
3rd. It is contended that the court erred in holding, that *229 though Caperton represented to Gibson and Fitzpatrick, that be had title to the land, whereby they were induced to accept of the security, they would not thereby be released from the effect of this ratification, unless the School Commissioners had been parties to the fraud.
We can see no error in this: the question was simply one of ratification or no ratification; the consideration for which the ratification was made, if it were made, cannot effect it in any way whatever; no consideration is necessary to support it, and no matter how fraudulently Caperton may have acted in procuring it, it is good in favor of the plaintiffs, unless they were participators in the fraud.
These constitute the substantial objections to the proceedings in this case in the court below; there being no error in them, the judgment must be affirmed.